## LOCKHEED AIRCRAFT CORP. v. RATHMAN.

### No. 13261.

United States District Court
S. D. California, Central Division.
July 21, 1952.

Gray, Binkley & Pfaelzer, Los Angeles, Cal., for plaintiff.

Hill, Farrer & Burrill, Los Angeles, Cal., for defendant.

BYRNE, District Judge.

This is an action brought by Lockheed Aircraft Corporation against one of its former employees to recover profits realized by the employee from the sale of 1,000 shares of the capital stock of plaintiff corporation. The claim arises under 15 U.S. C.A. § 78p(b), which provides:

"(b) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. * * *"

In 1940 the defendant was employed by the plaintiff in its financial department

where his progress culminated in his election, on May 4, 1948, to the position of assistant treasurer. At about the same time plaintiff embarked on a stock option plan for the avowed purpose of retaining the services of its valued employees, lest these services be lost to competing firms who, at that time, were capable of paying larger salaries than was plaintiff. The plan provided that the employees including defendant could, after a specified period of time, purchase a specified number of shares of plaintiff's stock at the price of $22 per share. Defendant was included in this plan, although the president, vice-president and treasurer were not, since it was intended by plaintiff that the exercise of these options could be immediately followed by a sale of the stock, and it was felt that section 78p(b), supra, precluded these officers from participating in the plan. Later, the secretary and comptroller were excluded from the plan, because it was thought that they were subject to 78p(b), —a thought, we may assume, that was engendered by Securities Exchange Commission Rule X–3B–2, promulgated pursuant to 15 U.S.C.A. § 78w(a), on August 13, 1934, providing:

"The term 'officer' means a president, vice-president, treasurer, secretary, comptroller, and any other person who performs for an issuer, whether incorporated or unincorporated, functions corresponding to those performed by the foregoing officers."

On February 23, 1950, defendant exercised his option; the same day he sold the stock on the New York Stock Exchange and realized the profit which is the subject matter of this action.

The defendant has interposed two defenses: (1) that he was not an officer of plaintiff at the time of the sale within the meaning of the word "officer", as used in section 78p(b), supra; and (2) even if he were such an officer, his liability was vitiated by the saving provision of 15 U.S.C.A. § 78w(a), which I shall discuss later.

When SEC Rule X–3B–2 is applied to the instant facts, it at once becomes apparent that plaintiff, if it would prevail, must establish that defendant was some "other person who performs for an issuer functions corresponding to those performed by ..." the officers enumerated in the rule, since it is not suggested that defendant ever occupied any of the five enumerated posts. It will be observed that the "other person" provision does not refer to persons *performing functions of a president, etc.*, but refers to persons who perform "functions *corresponding* to those performed by the foregoing officers." When followed by the preposition "to" the term "corresponding" means "similar". It is here we perceive the significance of the phrase "whether incorporated or unincorporated". An unincorporated issuer (and in some states an incorporated issuer) might not have any of the officers enumerated in Rule X–3B–2 but may have a manager who performs "functions *corresponding* to those performed by" a president, or have a finance officer who performs "functions *corresponding* to those performed by" a treasurer.

■ The meaning of Rule X–3B–2 is much clearer when compared with the definition of "director" in 15 U.S.C.A. § 78c (a) (7), (a definition formulated by Congress itself):

"The term 'director' means any director of a corporation or any person performing similar functions with respect to any organization, whether incorporated or unincorporated."

It is quite apparent that Congress added the "or any person" provision to apply to organizations which did not have directors *in name* but did have persons who performed functions similar to those ordinarily performed by the directors of a corporation. The Commission in carrying out the power granted by Congress to define "technical, trade, and accounting terms" 15 U. S.C.A. § 78c(b), intended its definition of the term "officer" to be analogous to the Congressional definition of "director" and added the "other person" provision to apply to an "issuer" which did not have a treasurer in name, but did have a person who performed functions similar or cor-

responding to those ordinarily performed by the treasurer of a corporation.

Thus it will be seen that the "other person" provision does not relate to an employee who assists one of the enumerated officers or performs any of the functions of his office during his absence, but relates to an officer, regardless of title, the functions of whose office, correspond to those performed by one of the enumerated officers. Here the plaintiff corporation had a treasurer during the entire tenure of defendant's employment. The defendant was assistant treasurer and the functions of that office did not correspond to those performed by the treasurer. If they had the corporation would have had two treasurers. It follows that the defendant was not an "officer" within the meaning of section 78p(b), supra, or Rule X–3B–2.

If Rule X–3B–2 were construed as contemplating two treasurers in one issuer, it would not avail the plaintiff. The evidence adduced at the trial established that plaintiff corporation, during defendant's tenure as assistant treasurer, was possessed of a full time and fully capable treasurer in the person of one Barker, who preempted the executive functions of that office to the exclusion of defendant's performing any of the functions of treasurer. Even during Barker's absences it was Comptroller Browne who was vested with what was called "superior seniority" among the financial subalterns, and whose "opinion prevailed" in matters requiring decisions during any absence of Barker. That defendant assisted Barker in the performance of some of his functions is unquestioned, but so did several clerks and stenographers. The work they performed did not correspond to the functions performed by Barker. It is true that the by-laws of plaintiff provide that the assistant treasurer is an officer of the company, but it does not follow that he is an "officer" within the meaning of section 78w(b), supra. Indeed, the plaintiff corporation did not consider him such an "officer" when they adopted the employees' stock option plan and included him while excluding the pres-

ident, vice-president, treasurer, secretary and comptroller. It cannot be assumed that the plaintiff sought to retain the services of defendant by deliberately misleading him into the belief that he would receive the added compensation contemplated by the plan, with the then intention of later recovering it from him by taking advantage of section 78p(b).

The plaintiff now contends that SEC Rule X–3B–2 is invalid and in support of its contention cites the case of Colby v. Klune, 2nd Cir., 1949, 178 F.2d 872, 875, in which the court cast a shadow on the validity of the rule in a statement which was pure dictum.

The Colby case arose on a motion for summary judgment, which had been granted in favor of a defendant in a section 78p(b) action. All that the appellate court held was that it was error for the trial court to have granted the motion in the face of a material factual issue of credibility; but, for the purpose of discussion, the court assumed, "for the moment" without directly holding, that Rule X–3B–2 was invalid, as not being authorized by the statute. The exact reasoning behind this assumption is not disclosed from the printed report, since the assumption was relegated to the purest form of dictum by the court's conclusion that the granting of a summary judgment would have been erroneous even if the rule were valid and added, "It may be that the SEC had such statutory authority to issue the Rule that it binds the courts. Even so, there remains much room for inquiring into the facts at a trial." It is quite evident that the court was going out of its way to condemn " 'trial by affidavit' ".

■ Congress gave the SEC power to define technical, trade and accounting terms. 15 U.S.C.A. § 78c(b). The only restriction imposed by Congress is that such definitions be "not inconsistent with the provisions of this chapter." The definition of an officer in Rule X–3B–2 is consistent with the provisions of the chapter and is analogous to, and entirely consonant with, the definition of "director" in 15 U.

S.C.A. § 78c(a) (7), supra, a definition formulated by the Congress itself.

▉ Even if the court were to assume that defendant was an officer of plaintiff under 15 U.S.C.A. § 78p(b), or, even if the court were to assume the invalidity of Rule X–3B–2 on the authority of Colby v. Klune, supra, nevertheless the evidence adduced at the trial established that this case falls within the good faith provision of 15 U.S.C.A. § 78w(a) which provides:

"* * * No provision of this chapter imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule or regulation of the Commission or the Board of Governors of the Federal Reserve System, notwithstanding that such rule or regulation may, after such act or omission, be amended or rescinded or be determined by judicial or other authority to be invalid for any reason."

After defendant's election as assistant treasurer and before he purchased the stock here in question, defendant inquired of the SEC as to whether or not he was an "officer" within the meaning of 15 U.S.C.A. § 78p(a) which provides

"Every person * * * after he becomes such beneficial owner, director, or officer, (shall file) a statement with the exchange (and a duplicate original thereof with the Commission) of the amount of all equity securities of such issuer of which he is the beneficial owner * * *."

The SEC, by way of reply, informed defendant of Rule X–3B–2, its definitive regulation on the subject, promulgated pursuant to 15 U.S.C.A. § 78w(a), supra. To this information, defendant responded that he did not perform for the company functions normally entrusted to an officer specifically named in the regulation. Accordingly defendant, in good faith, did not comply with section 78p(a).

Plaintiff included defendant in its stock option plan while excluding its "officers" precisely because of the existence of 15 U.S.C.A. § 78p(b) and Rule X–3B–2, inasmuch as it was anticipated that in order to exercise the option there would have to be, to some extent, a simultaneous purchase and sale.

These uncontroverted facts clearly point to the conclusion that defendant's continued participation in the plan, and his ultimate exercise of the option, which was followed by his immediate sale of the stock, would never have occurred were it not for his good faith reliance on the SEC regulation defining an officer.

This court is not suggesting that plaintiff has in any way estopped itself from enforcing the liability asserted because of its reliance on the SEC regulations in the administration of its plan. The reliance of plaintiff on the regulations is alluded to only to emphasize defendant's own reliance on the SEC rule, a reliance which apparently was shared by plaintiff, itself.

▉ The June 24, 1952 edition of the United States Law Week, vol. 20 LW 2613, includes an item under "News Note" to the effect that the Securities and Exchange Commission proposes to change Rule X–3B–2 and adopt the Colby case suggestion "that the definition should also include other corporate employees performing important executive duties of such character that they would be likely, in discharging their duties, to obtain confidential information about their company's affairs." Any change in the rule would not, of course, affect the status of this defendant. The only significance of the proposed change as it affects this case, is the recognition by the Commission that the present rule does not encompass the employees whom they plan to include by the amendment.

Defendant is requested to prepare and submit findings in conformity with local rule 7.